IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-525-RAH-KFP |
| | ) | |
| AUTAUGA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Devin Brandis Pugh filed this suit against 23 different counties in the state of Alabama on July 16, 2025. Doc. 1. Upon review of the Complaint, the undersigned recommends that the case be dismissed for lack of subject matter jurisdiction.

I.      **LEGAL STANDARD**

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* A federal district court must have at least one of the three types of federal subject matter jurisdiction: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *see also* 28 U.S.C. §§ 1331, 1332. For purposes of federal question jurisdiction, "a case 'arises under' federal law if the plaintiffs plead a cause of action created by federal law or if a substantial disputed area of

federal law is a necessary element of a state-law claim." *McKinnes v. Am. Int'l Grp., Inc.*, 420 F. Supp. 2d 1254, 1259 (M.D. Ala. 2006) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10, 13 (1983)). For diversity jurisdiction, the amount in controversy must exceed $75,000 and the action must be between citizens of different states. 28 U.S.C. § 1332(a).

Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the leniency afforded pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Pro se pleadings must still comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## II.   PLAINTIFF'S COMPLAINT

Plaintiff's handwritten Complaint states that Plaintiff is bringing this action against these 23 counties concerning "the lack of public transportation using buses with at least 50 stops in the above counties." Doc. 1 at 1. Plaintiff claims this conduct violates "the 14th amendment of the Constitution of the United States by the lack of adequate transportation deprives [*sic*] the states, therefore the counties liberation from the confinement [illegible] [illegible] etc . . . of their residencies." *Id.*

2

## III.    DISCUSSION

The Complaint is due to be dismissed for lack of subject matter jurisdiction because Plaintiff has not asserted facts that show the existence of federal jurisdiction. A federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "When a plaintiff sues in federal court, she must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction." *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Federal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238 (11th Cir. 2009) (citing 28 U.S.C. §§ 1331, 1332).

Plaintiff's Complaint presents neither federal question nor diversity jurisdiction. Plaintiff makes no claims as to diversity of citizenship. Although Plaintiff proclaims that the alleged conduct violates "the 14th amendment of the Constitution," Plaintiff fails to state any nonfrivolous or substantial violation of his constitutional rights, and therefore federal jurisdiction cannot be based on federal question jurisdiction. "[E]ven if a claim

3

appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if '. . . such a claim is wholly insubstantial and frivolous.'" *McQueary*, 812 F. App'x at 913 (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). In other words, "subject matter jurisdiction is lacking [] if the claim has no plausible foundation[.]" *Id.* (quoting *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352). The test is whether "the alleged cause of action is so 'patently without merit' as to justify the court's dismissal for lack of jurisdiction." *Id.* (quoting *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc)).

Here, the factual allegations appear to involve a grievance concerning the lack of public transportation in certain Alabama counties. Plaintiff claims the lack of counties "using buses with at least 50 stops" violates the Fourteenth Amendment; but he does not plead facts to support this conclusion or to explain *how* this conduct violates this amendment. The Fourteenth Amendment contains five separate sections, including section 1 which outlines citizenship, privileges or immunities, due process, and equal protection clauses. *See* U.S. CONST. amend. XIV. Because the alleged constitutional violation is completely devoid of factual support, the Complaint is "wholly insubstantial" with "no plausible foundation." *McQueary*, 812 F. App'x at 913 (first quoting *Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352). Therefore, dismissal for lack of subject matter jurisdiction is appropriate.

Moreover, Plaintiff is, or should be, aware of how to draft a proper complaint. Prior to filing this Complaint, Plaintiff had been directed on the pleading requirements in

previous cases before the undersigned.[1] *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20) (entered May 30, 2025); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21) (entered May 29, 2025). In the orders to amend his complaints, the Court explained that the complaints must comply with the Federal Rules of Civil Procedure. *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20 at 3); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21 at 2). The Court further explained that complaints must "clearly indicat[e] which specific factual allegations provide support for which claims against the named defendant[.]" *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP (Doc. 20 at 3); *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP (Doc. 21 at 3). Therefore, Plaintiff was well aware of how to file a proper complaint—one that complied with the Federal Rules of Civil Procedure—by the time he filed this Complaint on July 16, 2025.

Although courts normally provide at least one opportunity for a pro se party to amend a pleading before dismissal, *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (per curiam), a court may dismiss a complaint without affording the party an opportunity to amend if it finds that any amendment would be futile, *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]"). Because Plaintiff's Complaint is wholly insubstantial and frivolous and thereby lacks subject matter

---

[1] Plaintiff is a prolific filer in this court. There are other cases before the undersigned in which Plaintiff was directed to file an amended complaint and provided guidance, but the orders to amend in those cases were entered after the filing of the instant case and therefore will not be considered notice to him of the pleading standard. *See, e.g.*, *Pugh v. Ala. Dep't of Mental Health*, Case No. 2:25-cv-051-MHT-KFP (Doc. 21).

jurisdiction, the Court finds that any amendment would waste judicial resources and be completely futile.

The Court notes that this is not the first frivolous filing by Plaintiff, and a brief procedural recitation of other cases filed in this Court will help contextualize this current matter. On December 11, 2024, Plaintiff filed his first case with this Court, which was subsequently dismissed for being legally frivolous. *Pugh v. U.S. Dep't of Justice*, Case No. 2:24-cv-798-ECM-SMD. A few weeks later, Plaintiff filed *Pugh v. S. Cent. Mental Health Ctr.*, which the Court separated into 24 separate civil actions on January 3, 2025.[2] Since the separation of that lawsuit, Plaintiff has filed approximately 28 additional lawsuits in the Middle District.[3] Of these 56 lawsuits, 21 have been dismissed. Eight have been

---

[2] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Coffee Cnty.*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Amazon Marketplace*, Case No. 2:25-cv-010-ECM-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Autauga Cnty.*, Case No. 2:25-cv-015-ECM-KFP; *Pugh v. Barbour Cnty.*, Case No. 2:25-cv-016-MHT-KFP; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Blount Cnty.*, Case No.  2:25-cv-018-RAH-CWB; *Pugh v. Bullock Cnty.*, Case No. 2:25-cv-019-ECM-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Clarke Cnty.*, Case No. 2:25-cv-027-MHT-JTA; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP; *Pugh v. Crenshaw Cnty.*, Case No. 2:25-cv-031-ECM-KFP; *Pugh v. U.S. Dep't. of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA; *Pugh v. Baldwin Cnty.*, Case No. 2:25-cv-034-RAH-SMD; *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP.

[3] *Pugh v. Chime PrePaid Card*, Case No. 1:25-cv-501-RAH-JTA; *Pugh v. Ala. Dep't of Mental Health*, Case No. 2:25-cv-51-MHT-KFP; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB; *Pugh v. Bonds*, Case No. 2:25-cv-077-MHT-SMD; *Pugh v. Poole*, Case No. 2:25-cv-372-RAH-JTA; *Pugh v. Crenshaw Cnty. Jail*, Case No. 2:25-cv-374-MHT-CSC; *Pugh v. Bryan*, Case No. 2:25-cv-381-MHT-JTA; *Pugh v. McDonalds Rest. Franchise*, Case No. 2:25-cv-421-ECM-SMD; *Pugh v. Butler Cnty. Jail*, Case No. 2:25-cv-477-RAH-CSC; *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-585-MHT-JTA; *Pugh v. Poole*, Case No. 2:25-cv-371-ECM-KFP; *Pugh v. Air BNB*, Case No. 2:25-cv-521-ECM-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-525-RAH-KFP; *Pugh v. Alabama*, Case No. 2:25-cv-553-RAH-SMD; *Pugh v. Autauga*, Case No. 2:25-cv-554-MHT-CWB; *Pugh v. Alabama*, Case No. 2:25-cv-555-ECM-JTA; *Pugh v. Trump*, Case No. 2:25-cv-561-RAH-KFP; *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-

dismissed for failure to comply with a Court order, failure to pay the filing fee, and failure to prosecute,[4] four have been dismissed for failure to file an amended complaint as ordered,[5] one has been dismissed for legal frivolity,[6] two have been dismissed for failure to state a claim and failure to comply with a Court order,[7] five have been dismissed for improper venue,[8] and one has been dismissed for failure to pay the fee or file a motion to proceed in forma pauperis as ordered.[9] Plaintiff's filings increased significantly in July 2025, wherein he filed 16 lawsuits, sometimes multiple actions on the same day.[10]

Plaintiff's conduct of frivolous filing "threaten[s] the availability of a well-functioning judiciary to all litigants," *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). To counter this conduct, the Court is "authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.*

---

SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB; Pugh *v. DEA*, Case No. 2:25-cv-580-MHT-CWB; *Pugh v. Medicaid*, Case No. 2:25-cv-581-MHT-KFP; *Pugh v. Dep't/Agency Gov. Rural Dev.*, Case No. 2:25-cv-582-MHT-CWB; *Pugh v. C&U Auto*, Case No. 2:25-cv-583-MHT-KFP; *Pugh v. Delta Airlines*, Case No. 2:25-cv-584-RAH-CWB.
[4] *Pugh v. Coffee Cnty*, Case No. 1:25-cv-030-RAH-SMD; *Pugh v. Conecuh Cnty.*, Case No. 2:25-cv-014-RAH-JTA; *Pugh v. Bibb Cnty.*, Case No. 2:25-cv-017-RAH-CWB; *Pugh v. Butler Cnty.*, Case No. 2:25-cv-020-MHT-SMD; *Pugh v. Cherokee Cnty.*, Case No. 2:25-cv-023-RAH-SMD; *Pugh v. Chilton Cnty.*, Case No. 2:25-cv-025-ECM-CWB; *Pugh v. Clay Cnty.*, Case No. 2:25-cv-028-MHT-SMD; *Pugh v. Alphabet Inc.*, Case No. 2:25-cv-033-ECM-JTA.
[5] *Pugh v. Coffee Cnty. Jail*, Case No. 1:25-cv-050-RAH-KFP; *Pugh v. HHH Motorcycle Seller*, Case No. 2:25-cv-012-MHT-CWB; *Pugh v. U.S. Dep't of Educ.*, Case No. 2:25-cv-032-RAH-CWB; *Pugh v. Nat'l Bar Ass'n*, Case No. 2:25-cv-054-MHT-CWB.
[6] *Pugh v. U.S. Dep't of Justice*, Case No. 2:24-cv-798-ECM-SMD.
[7] *Pugh v. S. Cent. Mental Health Ctr.*, Case No. 2:24-cv-836-ECM-JTA; *Pugh v. Dep't of Mental Health and Hum. Servs.*, Case No. 2:25-cv-053-RAH-JTA.
[8] *Pugh v. Colbert Cnty.*, Case No. 2:25-cv-013-RAH-KFP; *Pugh v. Blount Cnty.*, Case No. 2:25-cv-018-RAH-CWB; *Pugh v. Calhoun Cnty.*, Case No. 2:25-cv-021-MHT-KFP; *Pugh v. Choctaw Cnty.*, Case No. 2:25-cv-026-RAH-SMD; *Pugh v. Cleburne Cnty.*, Case No. 2:25-cv-029-MHT-KFP.
[9] *Pugh v. Chambers Cnty.*, Case No. 3:25-cv-022-RAH-KFP.
[10] For example, on July 25, 2025, Plaintiff filed four cases. *Pugh v. Folmer*, Case No. 2:25-cv-572-ECM-SMD; *Pugh v. Greyhound Bus Co.*, Case No. 2:25-cv-573-MHT-SMD; *Pugh v. U.S. Dep't of Justice*, Case No. 2:25-cv-574-RAH-CWB; *Pugh v. Facebook*, Case No. 2:25-cv-575-ECM-CWB.

**The Court advises Plaintiff that this is his official notice that, should his offensive conduct occur again, the Court will take the necessary steps to protect itself from abuse in the form of an injunction.** The specific conduct that the Court considers offensive is: filing frivolous lawsuits, including those without a jurisdictional basis. The nature of the injunction will be tailored to the nature of the offensive conduct. *See Miller*, 541 F.3d at 1097 ("[T]he preconditions ought to be 'limited to restricting improper conduct of the type which the present record indicates plaintiff has displayed in the past.'" (quoting *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 36 (1st Cir.1993))). The Court notes that "[d]esigning an acceptable procedural device to screen out frivolous IFP filings requires some degree of nuance, and for that reason '[c]onsiderable discretion necessarily is reposed in the district court.'" *Id.* (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)). Should Plaintiff engage in any of the listed offensive conduct, the Court will enter an appropriate injunction tailored to prevent future abuse while still ensuring that "access to the courts is not entirely foreclosed." *In re May*, 2000 WL 1276943, at *2 (S.D. Fla. Aug. 31, 2000). For example, if Plaintiff files a frivolous lawsuit, the Court may impose a financial injunction, such as a bond. The Eleventh Circuit has stated that "[r]eimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their 'constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *Miller*, 541 F.3d at 1096 (quoting *Procup*, 792 F.2d at 1073). **Thus, Plaintiff is warned that should he engage in the listed offensive conduct, the Court will design an appropriate injunction to protect itself from further abuse.**

## IV.    CONCLUSION

For the above reasons, the undersigned RECOMMENDS that this case be DISMISSED for lack of subject matter jurisdiction.

Further, it is ORDERED that by **August 26, 2025**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

The Clerk of Court is DIRECTED to share this order with the District Judges of the Middle District of Alabama.

Done this 12th day of August, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE